

## ADDITION TO MY STATEMENT OF FACTS
### DARKO PAVLOVSKI vs. FRONTIER AIRLINES

10. The next day's fight was too late for us. My wife had to go to work and it would put us and especially the baby through lots of additional suffering. Moreover, I could not trust Frontier anymore. Precisely, another supervisor/manager later accused me that I have been grabbing someone's badges. This was a total lie/fabrication. Therefore, I didn't know what other fabrications/lies they'll come up with just to kick us out! Also, I can't say anything. If so, then, we'll never get out of Denver.

11. I also didn't feel that my baby was safe without a child safety belt or at least an informative direction (based on expert/ergonomic or something)how to properly hold a baby in a lap.) I don't think they ever obtained such an expert opinion. So, for all the reasons above, I was forced urgently to buy tickets with United airlines which cost me $1,826.70.

12. There, at United Airlines, they didn't cause any problems for my baby in the carrier... Neither they did at Sun Country. This also means that Frontier acts opposite of the industry Standards.

## COUNTS

### COUNT I
### Breach of Duty of Good Faith and Fair Dealing

13. Plaintiff fully restates all previous paragraphs.

14. US UCC 1-304 states, "Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."

15. There is also, implied duty of Good faith and Fair dealing.

16. The Defendants have frustrated the Plaintiff's expectation, and have breached the duty

of Good faith and Fair dealing,

17. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT II
### Breach of US Constitution, 1st Amendment- Freedom of Speech

18. Plaintiff fully restates all previous paragraphs

19. Defendant has breached the 1st Amendment of the US Constitution by not allowing the Plaintiff to voice his opinion/concern about the safety of his baby. Plaintiff understands that Defendant is not a State actor; however, the issue is serious and Plaintiff prays the Court to extend the First Amendment to civil complaints voicing civil concerns to public companies- especially those that provide public transportation.

20. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT III
### Breach of US Constitution Article IV

21. Plaintiff fully restates all previous paragraphs.

22. Defendant has breached the US Constitution Article IV, by unlawfully restraining the Plaintiff from traveling back to his home.

23. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT IV
### Breach of US Constitution, 14th Amendment

24. Plaintiff fully restates all previous paragraphs.

25. Defendant has breached the US Constitution, XIVth Amendment (due process and freedom of movement).

26. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT V
### Breach of consumer and traveler/passenger's right to complaint

27. Plaintiff fully restates all previous paragraphs.

28. Defendant has breached the right of the Plaintiff to express his opinion/complaint as a public traveller/passenger about the safety in a public transportation company.

29. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT VI
### Public Policy

30. Plaintiff fully restates all previous paragraphs.

31. Plaintiff further alleges that complaints/concerns about the safety of a public transportation companies; are of public interest and are public policy and concern.

32. Plaintiff, therefore, sets forward the following declaration and specific performance prayers.

## COUNT VII
### Declaration that Baby Carriers or at least baby/child belts are safe

33. Plaintiff fully restates all previous paragraphs.

34. Plaintiff finds the baby carriers safer than carrying a baby with hands.

35. Plaintiff prays the court, upon jury trial, to find the baby carrier safe, and declare so.

### COUNT VIII
Specific performance-requiring Defendant to carry and provide passengers with Child/Baby seat belts

36. Plaintiff fully restates all previous paragraphs.

37. Plaintiff prays the Court to require Defendant, Frontier airlines, as a transportation company to carry baby/child seat belts and provide the same to those without any carrier.

### COUNT IX
Declaring that presenting an opinion/concern over safety is not a safety issue

38. Plaintiff fully restates all previous paragraphs

39. Plaintiff prays the court, upon jury trial, to find that presenting an opinion/concern over the safety of the passengers is not a safety issue, or a reason for removal from the airplane.

### COUNT X
Specific performance-requiring Defendant to allow civil opinions to be voiced

40. Plaintiff fully restates all previous paragraphs.

41. Plaintiff prays to court to require Defendant to allow civilly voiced concerns and or complaints to be expressed, and to ban Frontier airlines from retaliation against those passengers.

### COUNT XI
Discrimination on children & Specific performance-requiring Defendant to do proper research how babies should be carried and how the handled during air flights along with turbulence and other accidents.

42. The Defendant has never done any proper research on how babies should be carried during air flights, turbulence or other air accidents.

43. The Defendant never educates its passengers with babies how to carry them or handle them during the air flights, turbulence or other accidents. However, it does educate adults how to take care of themselves!

44. This failure and lack of care towards children is a discrimination on children.

45. Plaintiff prays the court to require Defendant to do proper research how babies should be carried and handled during flights, turbulences and other air accidents, and to educate its passengers with babies of the findings from the research.

### COUNT XII
### Punitive damages

46. Defendant has the means and the power within its airlines.

47. Defendant does public transportation of millions of passengers.

48. Defendant's actions of not listening to concerns, not making informating decisions, removing and restraining passengers for no reason and/or simply making a complaint, fabricating events, are more then outrageous.

49. The law justifies punitive damages against Defendant, and Plaintiff prays the court to

award punitive damages, upon jury trial.

### COUNT XIII
### Posting a deposit with the Court

50. Plaintiff fully restates all previous paragraphs.

51. Plaintiff believes that the Defendant will repeat the same wrong behaviors again.

Therefore, Plaintiff prays the court to require Defendant to post a deposit, in amount the court

finds proper, with the court, in case such wrong behaviors are repeated.

### COUNT XIV
### Breach of Conract-Course of performance.

52. Plaintiff fully restates all pervious paragraphs.

53. Plaintiff and Defendant have established course of performance in the previous flights where baby can be carried in a carrier. Defendant consequently, breached that "course of performance".

54. At no point Plaintiff was physically or verbally aggressive. At all time, Plaintiff followed

the instructions of the Defendant.

55. As result of that breach of the Course of performance, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## PRAYERS

61. Prayer 6- Declare, upon jury trial that using a carrier or a "baby belt" with a baby is not a safety concern; but actually it's in the babies' best interest.

62. Prayer 7-Specific performance, mandating Frontier airlines to carry child/baby belts for the safety of the babies, and provide the same to its passengers.

63. Prayer 8- Plaintiff prays the court to require Defendant to do proper research how babies should be carried and handled during flights, turbulences and other air accidents, and to educate its passengers with babies of the findings from the research.

Darko Pavlovski
5024 71st Ave N.
Brooklyn Center, MN, 55429
12/10/2024

12/10/2024