RECEIVED
APR 1 1 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## ADDITION TO MY STATEMENT OF FACTS, COUNTS & PRAYERS
### DARKO PAVLOVSKI vs. FRONTIER AIRLINES

24cv4452

10. The next day's fight was too late for us. My wife had to go to work and it would put us and especially the baby through lots of additional suffering. Moreover, I could not trust Frontier anymore. Precisely, another supervisor/manager later accused me that I have been grabbing someone's badges. This was a total lie/fabrication. Therefore, I didn't know what other fabrications/lies they'll come up with just to kick us out! Also, I can't say anything. If so, then, we'll never get out of Denver.

11. I also didn't feel that my baby was safe without a child safety belt or at least an informative direction (based on expert/ergonomic or something) how to properly hold a baby in a lap.) I don't think they ever obtained such an expert opinion. So, for all the reasons above, I was forced urgently to buy tickets with United airlines which cost me $1,826.70.

12. There, at United Airlines, they didn't cause any problems for my baby in the carrier... Neither they did at Sun Country. This also means that Frontier acts opposite of the industry Standards.

13. Following the unjust removal and unseen humiliation of the Plaintiff, Plaintiff has suffered and continues to suffer mental anxiety, depression, isolation, deprivation of sleep.

14. Having a baby in a carrier or having the baby attached with a baby belt to the parent's belt is safer than having the baby carried by the parent only with the arms.

15. Once, Frontier was accused of causing a passenger to be thrown forward and up in their seats. Case 23-CV-01637. See Complaint paragraph 7.

16. If the above referenced passenger had a baby in his arms only, it could have been

SCANNED
APR 1 1 2025
U.S. DISTRICT COURT MPLS

detrimental for the baby!

17. However, if the above referenced passenger had the baby in the carrier striped to his body or a baby belt , the passenger would much easier protect the baby, as the hand/arms would be free.

18. It is not the first time Frontier has removed passengers unjustly. In fact, it has removed minor children in the past too! RE; MN State Conciliation Court 28-CO-22-32

19. On another occasion, Frontier was accused of breaking an infant's stroller in several pieces. Re: MN State Conciliation Court 27-CO-17-1805

## COUNTS

### COUNT I
### Breach of Duty of Good Faith and Fair Dealing

20. Plaintiff fully restates all previous paragraphs.

21. US UCC 1-304 states, "Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."

22. There is also, implied duty of Good faith and Fair dealing.

23. The Defendants have frustrated the Plaintiff's expectation, and have breached the duty of Good faith and Fair dealing,

24. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

### COUNT II
### Breach of US Constitution, 1st Amendment- Freedom of Speech

25. Plaintiff fully restates all previous paragraphs

26. Defendant has breached the 1st Amendment of the US Constitution by not allowing the

Plaintiff to voice his opinion/concern about the safety of his baby. Plaintiff understands that Defendant is not a State actor; however, the issue is serious and Plaintiff prays the Court to extend the First Amendment to civil complaints voicing civil concerns to public companies- especially those that provide public transportation.

27. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT III
### Breach of US Constitution Article IV

28. Plaintiff fully restates all previous paragraphs.

29. Defendant has breached the US Constitution Article IV, by unlawfully restraining the Plaintiff from traveling back to his home.

30. As result of that breach, the Plaintiff has suffered damages in excess of $100,000.00, to be determined on trial.

## COUNT IV
### Breach of US Constitution, 14th Amendment

31. Plaintiff fully restates all previous paragraphs.

32. Defendant has breached the US Constitution, XIVth Amendment (due process and freedom of movement) by not letting him express his concerns and by restraining him in Colorado and preventing him from traveling back to his home.

33. As result of that breach, the the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression, humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

## COUNT V
### Breach of consumer rights (Section 5 from Federal Trade Commission Act)
### Unfair or Deceptive Acts or Practices

34. Plaintiff fully restates all previous paragraphs.

35. Plaintiff as a passenger who uses Defendant's services is a consumer.

36. Defendant has never expressed to Plaintiff that it would remove a passenger for simply stating an opinion, even if the passenger fully complies with the request of the flight attendants. Defendant has never expressed to Plaintiff that it would remove a passenger for stating a complaint, even if the passenger fully complies with the request of the flight attendants. Defendant has never expressed to Plaintiff that it would remove a passenger for expressing a safety issue, even if the passenger fully complies with the request of the flight attendants.

37. Failure to state the above hidden powers was deceptive, misleading and unfair, and has caused substantial injuries to the Plaintiff. Defendant knowing that has such hidden powers, has used (abused) them in a coercive, threatening and harassing manner! Most importantly, Defendant has expressed desire to continue to do so...and injure more passengers/consumers!

38. Defendant has breached the Plaintiff's consumer's rights, precisely Section 5 from Federal Trade Commission Act, and has engaged in Unfair/Deceptive practices.

39. As result of that breach and those unlawful act/practices, the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression, humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

## COUNT VI

Public Policy

40. Plaintiff fully restates all previous paragraphs.

41. Plaintiff further alleges that complaints/concerns about the safety of a public transportation companies; are of public interest and are public policy and concern.

42. Plaintiff, therefore, sets forward the following declaration and specific performance prayers.

### COUNT VII
Declaration that Baby Carriers or at least baby/child belts are safe

43. Plaintiff fully restates all previous paragraphs.

44. Plaintiff finds the baby carriers safer than carrying a baby with hands.

45. Plaintiff prays the court, upon jury trial, to find the baby carrier safe, and declare so.

### COUNT VIII
Specific performance-requiring Defendant to carry and provide passengers with Child/Baby seat belts

46. Plaintiff fully restates all previous paragraphs.

47. Plaintiff prays the Court to require Defendant, Frontier airlines, as a transportation company to carry baby/child seat belts and provide the same to those without any carrier.

### COUNT IX
Declaring that presenting an opinion/concern over safety is not a safety issue

48. Plaintiff fully restates all previous paragraphs

49. Plaintiff prays the court, upon jury trial, to find that presenting an opinion/concern over the safety of the passengers is not a safety issue, or a reason for removal from the airplane.

### COUNT X
Specific performance-requiring Defendant to allow civil opinions to be voiced

50. Plaintiff fully restates all previous paragraphs.

51.     Plaintiff prays to court to require Defendant to allow civilly voiced concerns and or complaints to be expressed, and to ban Frontier airlines from retaliation against those passengers.

### COUNT XI
Discrimination on children & Specific performance-requiring Defendant to do proper research how babies should be carried and how the handled during air flights along with turbulence and other accidents.

52.     The Defendant has never done any proper research on how babies should be carried during air flights, turbulence or other air accidents.

53.     The Defendant never educates its passengers with babies how to carry them or handle them during the air flights, turbulence or other accidents. However, it does educate adults how to take care of themselves!

54.     This failure and lack of care towards children is a discrimination on children.

55.     Plaintiff prays the court to require Defendant to do proper research how babies should be carried and handled during flights, turbulences and other air accidents, and to educate its passengers with babies of the findings from the research.

### COUNT XII
Punitive damages

56.     Defendant has the means and the power within its airlines.

57.     Defendant does public transportation of millions of passengers.

58.     Defendant's actions of not listening to concerns, not making informating decisions, removing and restraining passengers for no reason and/or simply making a complaint, fabricating events, are more then outrageous.

59.     The law justifies punitive damages against Defendant, and Plaintiff prays the court to

award punitive damages, upon jury trial.

## COUNT XIII
### Posting a deposit with the Court

60. Plaintiff fully restates all previous paragraphs.

61. Plaintiff believes that the Defendant will repeat the same wrong behaviors again. Therefore, Plaintiff prays the court to require Defendant to post a deposit with the court, in amount the court finds proper, in case such wrong behaviors are repeated.

## COUNT XIV
### Breach of Conract-Course of performance.

62. Plaintiff fully restates all pervious paragraphs.

63. Plaintiff and Defendant have established a course of performance in the previous two flights (1. Denver, Colorado to Puerto Vallarta, Mexico and 2. Puerto Vallarta, Mexico to Denver Colorado) where the baby was allowed to be carried in a carrier throughout the flight. Defendant consequently, breached that "course of performance".

64. At all time, Plaintiff performed all his duties required by contract. Moreover, at all time, Plaintiff fulfilled his duties from the established "course of performance" and acted exactly the same as in the previous two flights.

65. As result of that breach of the Course of performance, the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression, humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

## COUNT XV
### Breach of Contract

66.  Plaintiff fully restates all previous paragraphs.

67.  Per contract, Defendant had duty to transport the Plaintiff from Denver, Colorado to Minneapolis, Minnesota. Defendant has unjustly failed to perform that service, and breached the contract.

68.  In addition, the Defendant has engaged in humiliation of the Plaintiff by removing him from the airplane as he has done something terrible.

69.  Plaintiff, at all times has performed all his duties required by contract.

70.  As result of that breach of contract and such a removal the Plaintiff the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression, humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

## COUNT XVI
### Breach of Fiduciary Duty

71.  Defendant owes Plaintiff Fiduciary duty to do proper research for his safety and transport him and his baby safely from one place to another.

72.  Defendant has not done proper research about the safety of the Plaintiff F.P.

73.  Plaintiff, when buying tickets, fully trusted and relied on Defendant's expertise and experience that Plaintiff will be safely transported from one place to another.

74.  Defendant has breached its Fiduciary Duty owed to Plaintiff.

75.  As result of that breach of contract and such a removal the the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression,

humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

### COUNT XVII
### NEGLIGENCE

76. Defendant owes Plaintiffs duty of care to do proper research for the safe travel.

77. Defendant negligently failed to do proper research for the travel of babies.

78. As proximate result of such negligence, the Plaintiff has suffered damages in excess of $100,000.00, including but not limited in the form of anxiety, depression, humiliation, isolation, deprivation of sleep, and cost of US Airlines tickets needed to return to MN; total to be determined on trial.

### PRAYERS

84. **Prayer 6-** Declare, upon jury trial that using a carrier or a "baby belt" with a baby is not a safety concern; but actually it's in the babies' best interest.

85. **Prayer 7-** Specific performance, mandating Frontier airlines to carry child/baby belts for the safety of the babies, and provide the same to its passengers.

86. **Prayer 8-** Plaintiff prays the court to require Defendant to do proper research how babies should be carried and handled during flights, turbulences and other air accidents, and to educate its passengers with babies of the findings from the research.

Darko Pavlovski
5024 71st Ave N.
Brooklyn Center, MN, 55429
4/11/2025

04/11/2025